# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1421

**GLENDA SCHEXNAYDER, ET AL.**

**VERSUS**

**GARY L. MATHEWS, M.D., ET AL.**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20026522
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********
## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Marc T. Amy, Judges.

**AFFIRMED.**

**James R. Shelton**
**Shawn A. Carter**
**Jacques Emil deMoss**
**Durio, McGoffin, Stagg & Ackermann**
**P. O. Box 51308**
**Lafayette, LA 70505-1308**
**Telephone: (337) 233-0300**
**COUNSEL FOR:**
> **Defendants/Appellees - St. Paul Fire & Marine Insurance Company and Gary L. Mathews, M.D.**

**Deborah Ellen Lavender**
**Benjamin Paul Mouton**
**McGlynn, Glisson & Koch**
**P. O. Box 1909**
**Baton Rouge, LA 70821**
**Telephone: (225) 344-3555**
**COUNSEL FOR:**
> **Plaintiffs/Appellants - Glenda Schexnayder, Clarence Schexnayder, Amy Schexnayder, and Angela Schexnayder**

THIBODEAUX, Chief Judge.

In this medical malpractice case, plaintiffs, Glenda Schexnayder, her husband and two major daughters, appeal the jury verdict in favor of defendant, Dr. Gary L. Mathews. The jury concluded that he did not breach the standard of care in his treatment of Mrs. Schexnayder. Mrs. Schexnayder alleges that Dr. Mathews misread and/or improperly interpreted screening mammogram films, which led to a delay in the diagnosis of breast cancer. For the following reasons, we affirm.

I.

**ISSUES**

We will consider whether:

1) during voir dire, in light of a *Batson/Edmonson* challenge, the trial court erred in its ruling allowing peremptory challenges of jurors to stand;

2) the trial court erred in allowing the Medical Review Panel Opinion into evidence; and,

3) the trial court erred in allowing an expert witness to testify when a PowerPoint presentation was not produced.

II.

**FACTS**

On January 21, 1999, Mrs. Schexnayder had a screening mammogram performed. The mammogram films were reviewed by Dr. Mathews, and he concluded they were "normal" with no significant changes from a 1994 mammogram screening. After another mammogram screening in April, 2000, Mrs. Schexnayder was diagnosed with breast cancer, which later metastasized to various other locations of her body.

Mrs. Schexnayder sought to prove that the January 21, 1999 mammogram film show asymmetrical density in the left breast which should have prompted Dr. Mathews to investigate further. Plaintiffs believe that this would have led to an earlier diagnosis and a better prognosis for Mrs. Schexnayder.

A medical review panel convened as a result of this allegation and rendered a decision in favor of Dr. Mathews. Subsequently, the Schexnayders filed suit in district court, which was tried to a jury. Prior to trial, plaintiffs sought to exclude radiologist, Dr. Eva Rubin, head of breast imaging at the University of Alabama at Birmingham, for failure to provide her PowerPoint presentations for review. Plaintiffs also sought to exclude the Medical Review Panel Opinion (MRP Opinion) on the basis that defendants did not call any panel members to testify at trial to lay a foundation to admit the panel's opinion into evidence. Lastly, plaintiffs made a *Batson/Edmonson* challenge during jury selection following defendant's use of peremptory strikes.

The jury rendered a verdict in favor of Dr. Mathews. Plaintiffs seek reversal of the judgment and a new trial based on the perceived errors in the trial court's ruling on the issues set forth above.

III.

**LAW AND DISCUSSION**

***Batson/Edmonson Challenge***

In these proceedings, the jury venire consisted of twenty-four persons. Five members of the jury venire were black. Defendant used five of six peremptory challenges on black potential jurors, thus eliminating all blacks from potential service. The trial court upheld a *Batson* challenge on two jurors, Ms. Karen Lambert and Ms. Marlena Ann Arceneaux, and placed them back on the jury after a successful

2

*Batson* challenge. The trial court upheld the peremptory challenges of Ms. Beverly Marie Johnson and Mr. Caffery Levine in light of the non-pretextual explanations offered by counsel for Dr. Mathews.

On review of the *Batson* challenge, the composition of the jury was accepted by the Schexnayders and, therefore, the objection to the jury's constitution was waived. After reinstating Ms. Lambert and Ms. Arceneaux, plaintiffs' counsel responded, "[W]e have *our* jury and an alternate." (Emphasis added). Co-counsel for the Schexnayders, Ms. Lavender, added, "[A]nd I think that on the whole, any real person would say that's a pretty good jury, a pretty good cross section of human being." Following that remark, the court reporter noted the "end of jury selection." After reviewing the record, we find the objection to the jury's composition was waived in light of the acquiescence by the Schexnayders' counsel. *See generally LaHaye v. Allstate Ins. Co.,* 570 So.2d 460 (La.App. 3 Cir. 1990), *writ denied*, 575 So.2d 391 (La.1991); *Simms v.Progressive Ins. Co.*, 38,804 (La.App. 2 Cir. 9/29/04), 883 So.2d 473.

### Medical Review Board Opinion

The Schexnayders asserts that the introduction of the MRP Opinion was improper because a doctor from the panel was not called upon to lay a foundation for its introduction into evidence. In addition, they assert that the presence of a doctor from the panel is needed to determine if the opinion and written reasons in the MRP Opinion were relevant and reliable.

Louisiana Revised Statutes 40:1299.47(H) directly speaks to the introduction of the MRP Opinion and sets out that it "shall be admissible"; the MRP Opinion is not to be considered conclusive; and either party may call a panel member as a witness. Louisiana Revised Statutes 40:1299.47(H) is specific statutory

3

authorization and, therefore, governs the ability of the MRP Opinion to be admitted into evidence. Like the trial court, we find Subsection (H) of the statutory scheme clearly provides for the introduction of the opinion in this instance. Several cases have allowed for the MRP Opinion to come into evidence with or without a panelist testifying. *See Taylor v. Sauls*, 99-1436 (La.App. 3 Cir. 9/6/00), 772 So.2d 686, *writs denied*, 00-2802, 00-2805 (La. 12/8/00), 776 So.2d 461; *see generally Medine v. Roniger,* 03-3436 (La. 7/2/04), 879 So.2d 706; *Galloway v. Baton Rouge Gen. Hosp.*, 602 So.2d 1003 (La.1992). The statute does not require a supporting foundation. Also, we note that either party is allowed to call a member of the panel as a witness pursuant to La.R.S. 40:1299.47(H) or La.Code Evid. art. 611(B). The Schexnayders failed to exercise this opportunity to examine any of the members to address the concerns mentioned earlier. Their arguments lack merit.

### *Dr. Eva Rubin's Expert Testimony*

The Schexnayders filed a motion in limine to exclude the expert testimony of Dr. Eva Rubin and suggest that the trial court should have granted the motion on the basis of Dr. Rubin's failure to provide any PowerPoint presentations for review. There is no merit to this assertion. The record indicates that, although it was mentioned in a previous deposition, Dr. Rubin did not plan to utilize a PowerPoint presentation during her testimony. In addition, Dr. Rubin and counsel for Dr. Mathews informed the court that the PowerPoint presentation dealt with breast ultrasound rather than assymetric breast densities upon which this dispute focused. Based on the record, we find no manifest error by the trial court in allowing Dr. Rubin to testify.

We also note that under La.Code Civ.P. art. 371, an attorney "shall not knowingly make any misrepresentation, or otherwise impose upon or deceive the

4

court." This is an adequate safeguard in trusting that Dr. Mathews' lawyers truthfully explained that no PowerPoint presentations existed regarding this issue.

## IV.

## **CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the Schexnayders as plaintiffs-appellants.

**AFFIRMED**.