Judgment rendered November 16, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,805-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

GERMAINE DODSON                         Plaintiff-Appellant

versus

MASTER LUBE EXPRESS INC.                Defendant-Appellee

* * * * *

Appealed from the
West Monroe City Court for the
Parish of Ouachita, Louisiana
Trial Court No. 54,022

Honorable Alan James Norris, Judge

* * * * *

LAW OFFICE OF ANTHONY J.                Counsel for Appellant
BRUSCATO
By: Anthony J. Bruscato

MARICLE & ASSOCIATES                    Counsel for Appellee
By: Stacey Smith Melerine

* * * * *

Before STEPHENS, THOMPSON, and ROBINSON, JJ.

**THOMPSON, J.**

The owner of a 2008 Yukon with over 200,000 miles brought an action against an oil change business, asserting the engine in his vehicle was damaged when a non-requested oil was installed. The oil change business asserted appropriate, approved oil was placed in the vehicle and that it was not responsible for any damage to the well-used vehicle's engine. After listening to the testimony at trial, the presiding city court judge ruled in favor of the oil change facility, dismissing plaintiff's claims with prejudice.

The vehicle's owner appealed. Finding no error below in the exclusion of testimony of a purported expert witness, we affirm.

### FACTS

On November 5, 2020, appellant Germaine Dodson took his 2008 GMC Yukon to an oil change facility owned by appellee, Master Lube Express, Inc. ("Master Lube") for an oil change. At the time of the oil change, the vehicle registered 208,284 miles. Dodson testified that he requested synthetic oil for the oil change. A Master Lube employee changed his oil and gave Dodson a receipt. The receipt listed the oil used as "Mobil 5/30" and "MOB 5/30." Dodson testified that within a few days, the vehicle began having problems and became inoperable. The vehicle was towed to an auto repair shop, where Dodson received a mechanic's opinion that the engine was damaged. Then, he had the vehicle towed back to his home.

After his vehicle began having problems, Dodson called Teddy Albritton, the manager of Master Lube, and claimed that the Master Lube employee put the wrong oil in his vehicle resulting in damage to the engine. At trial, Dodson testified that Teddy Albritton checked Master Lube's

records and stated to him that the wrong oil had been used. Dodson testified that Teddy Albritton stated that Master Lube's insurance would cover any damage to the vehicle which resulted from use of the wrong oil. No one from Master Lube ever inspected the inoperable vehicle after this telephone exchange. Dodson believed that conventional oil was used in his vehicle, and he had requested synthetic oil. Dodson claimed that the use of conventional oil, rather than the synthetic oil he requested, was the reason his engine was damaged. Dodson's claims were not supported by evidence or testimony at the trial.

Ultimately, in January of 2022, Dodson paid $4,235.00 to a mechanic to replace the vehicle's engine. Dodson testified that the 14-month delay was necessary so he could save money for the repairs. The record shows that the repair estimate is dated approximately one year after the oil change, and identifies the owner of the vehicle as "Jerome" rather than "Germaine." The repair estimate also identifies the vehicle as a 2008 Suburban, not a 2008 Yukon. Dodson testified that those errors were on the part of the person who wrote the invoice for the repairs. The mechanic who assessed the damage and performed the repairs on the vehicle did **not** appear as a witness at trial.

At the trial, Master Lube manager, Teddy Albritton, testified that Master Lube's computer system identified types of oil that were suitable for the vehicle being serviced. Vehicle manufacturers publish standards lists that specify which oils are suitable for each vehicle. Teddy Albritton also explained the different types of motor oil – conventional, semi-synthetic, and synthetic. Albritton explained that the oil used in Dodson's vehicle was

2

semi-synthetic. Further, Albritton testified and explained that the numbers included in the names of the oils are based on the oil's viscosity (i.e. "5/30"). According to Albritton, the type of oil required for a vehicle depends on the viscosity requirements for that vehicle, not whether an oil is conventional, semi-synthetic, or synthetic. By searching a vehicle's VIN number, the Master Lube computer system identified the types of oil available in their inventory that comply with a vehicle's standards list.

Teddy Albritton further testified that he believed the oil used in Dodson's vehicle was Mobil Clean 5000 5/30, which was listed as an approved oil for Dodson's vehicle. James Albritton, Master Lube owner and brother of Teddy Albritton, first testified that he believed the oil used in Dodson's vehicle was Mobil Super 1000 5/30, which was also listed as an approved oil. However, on redirect, James Albritton corrected himself and stated that Mobil 5000, not Mobil Super 1000, is the oil that Master Lube had in its inventory and was used in Dodson's vehicle. Additionally, Jonathon Kyle Powell, the assistant manager at Master Lube, testified that 5/30 is the weight of oil required in Dodson's vehicle, and that was the type of oil that was put into the vehicle. The witnesses were consistent in their testimony that new, manufacturer-approved oil was put in the vehicle.

Dodson called Frank Walters, a professional mechanic, as a witness at the trial. Master Lube objected to Walters' testimony because Dodson had not identified him as a potential witness in his original discovery responses, and objected to his testimony as an expert because he had not provided an expert report. Dodson first identified Walters as a potential witness 10 days

3

prior to the trial. The city court judge excluded Walters' testimony, but instructed Dodson to proffer it.

Walters testified that he was a professional mechanic. He testified that "Mobil 5/30" is a conventional oil, not a synthetic or semi-synthetic oil. Thus, according to the Master Lube receipt for the oil change, Master Lube used a conventional oil in Dodson's vehicle. Walters testified that using a conventional oil in an engine that requires synthetic or semi-synthetic oil, including the 2008 Yukon, can cause the engine to overheat, resulting in damage to the engine. Walters stated that he never inspected Dodson's vehicle, never reviewed any maintenance records from the vehicle, and he could not say what type of oil had been put into the vehicle at Master Lube.

The city court judge ruled in favor Master Lube. The city court judge noted the lengthy delay between the oil change and the repairs to Dodson's vehicle. The city court judge also noted that it did not hear testimony from any individual who diagnosed the vehicle's damage or performed the resulting engine repair. Further, the city court judge noted that the receipt for the vehicle's engine repair listed a 2008 Suburban, rather than a 2008 Yukon, and listed the owner of the vehicle as "Jerome" and not "Germaine." The city court judge also noted that the receipt from the engine repair did not list any other identifying information for the vehicle, such as a license plate or serial number. Based on the record before him, the city court judge concluded that the oil used was most likely semi-synthetic oil, and the evidence did not show that the damage to the vehicle was the result of the use of an improper oil. Finally, the city court judge found that 10 days prior to trial was not sufficient notice to add Frank Walters as a witness, so his

4

testimony was properly excluded. The city court judge dismissed Dodson's claims with prejudice. This appeal followed.

## DISCUSSION

**Assignment of Error No. 1: The trial court erred in excluding the testimony of Frank Walters.**

On appeal, Dodson argues the trial court committed legal error and abused its discretion by excluding the testimony of his proposed witness, automobile mechanic Frank Walters. Dodson asserts that the city court case proceeded without formality, and notes there was no scheduling order or discovery cutoff in place. Dodson admits he first identified Walters as a potential witness 10 days prior to trial. However, Master Lube did not attempt to depose Walters or move for a continuance after receiving notice of him serving as a potential witness. Dodson asserts that there is no legal basis for the determination that he was late in notifying Master Lube of his proposed expert witness.

A ruling on the admissibility of evidence is a question of law and is not subject to the manifest error standard of review. *Trascher v. Territo*, 11-2093 (La. 5/8/12), 89 So. 3d 357; *Port City Glass & Paint Inc. v. Brooks*, 52,534 (La. App. 2 Cir. 2/27/19), 266 So. 3d 516. A district court is afforded great discretion concerning the admission of evidence at trial, and its decision to admit or exclude evidence may not be reversed on appeal absent an abuse of that discretion. *Medine v. Roniger*, 03-3436 (La. 7/2/04), 879 So. 2d 706; *Won Suk Lee v. Holyfield Const., Inc.*, 47,204 (La. App. 2 Cir. 6/20/12), 93 So. 3d 868. On appeal, the court must consider whether the contested ruling was erroneous and whether the error affected a substantial right of the party. La. C.E. art. 103(A); *Won Suk Lee v. Holyfield*, *supra*. If

5

not, reversal is not warranted. *Berry v. Anco Insulations*, 52,671 (La. App. 2 Cir. 5/22/19), 273 So. 3d 595.

In this case, the city court judge determined that Dodson had not provided sufficient notice to Master Lube of its intention to call Frank Walters as a witness. The city court judge allowed Dodson to proffer Walters' testimony, which ultimately revealed that Walters did not have direct knowledge of the type of oil used in Dodson's vehicle, and did not personally diagnose the vehicle or perform any of the repairs. Therefore, we cannot say that the exclusion of this evidence affected a substantial right of Dodson at trial. Further, at the conclusion of the trial, the city court judge explained his reasoning for excluding the evidence. We find that the city court's ruling to exclude Walters' testimony was not erroneous. The trial court has great discretion in its decision to exclude evidence at trial, and the city court judge explained that he believed insufficient notice of this new witness had been given to Master Lube, only 10 days prior to trial. Therefore, a reversal of the city court judge's decision to exclude Walters' testimony is not warranted.

Additionally, or in the alternative, Dodson argues that Walters' testimony was admissible as rebuttal testimony. Dodson notes that both Teddy and James Albritton were permitted to testify as expert witnesses, pursuant to La. C. E. art. 702. Dodson claims that because every litigant has the right to offer rebuttal evidence, Walters' testimony should have been admitted as such. Dodson argues that there is no requirement that a litigant give prior notice of rebuttal evidence.

6

Evidence in rebuttal must be confined to new matters raised by the defense. *White v. McCoy,* 552 So. 2d 649 (La. App. 2d Cir.1989); *Bickham v. Riverwood Int'l Corp.*, 42,122 (La. App. 2 Cir. 10/8/07), 966 So. 2d 820. The trial court has great discretion in controlling the conduct of the trial and the presentation of evidence, including the power to admit or refuse to admit rebuttal evidence. *Robinson v. Healthworks Int'l, L.L.C.,* 36,802 (La. App. 2d Cir.1/29/03), 837 So. 2d 714; *Bickham, supra.* Rebuttal evidence is that which is offered to explain, repel, counteract, or disprove facts given in evidence by the adverse party. *Robinson, supra.* The court shall determine preliminary questions concerning the competency or qualification of a person to be a witness or the admissibility of evidence. La. C.E. art. 104; *Bickham, supra.*

Walters testified that he believed conventional oil was used in Dodson's vehicle, which caused the damages to the engine that rendered the vehicle inoperable. While his testimony was arguably offered to disprove the facts provided by Master Lube, the trial court is tasked with determining the competency or qualification of a person to be a witness and the admissibility of evidence. As noted above, Walters did not have any direct involvement with Dodson's oil change or the resulting engine diagnostics and repairs. The city court judge had great discretion to control the presentation of evidence, including the power to refuse to admit rebuttal evidence. Therefore, it was not legal error or an abuse of discretion for the city court judge to exclude the testimony of Frank Walters. Accordingly, Dodson's assignment of error is without merit.

7

**CONCLUSION**

For the foregoing reasons, we affirm the city court's judgment in favor of Defendants-Appellees, Master Lube Express, Inc. Costs of appeal are assessed to Plaintiff-Appellant, Germaine Dodson.

**AFFIRMED.**