WHIPPLE, J.
| gThis matter is before us on appeal by the State of Louisiana. For the following reasons, we reverse the ruling of the trial judge on the motion to quash, affirm the conviction, vacate the sentence, and remand for resentencing.
FACTS AND PROCEDURAL HISTORY
On September 26, 2007, the defendant, Derrick Odomes, was charged by grand jury indictment with first degree murder, a violation of LSA-R.S. 14:30, for the murder of Hunter Horgan, HI, on or about August 12 or 13, 1992.[1] The defendant entered a plea of not guilty. The State subsequently amended the charge to second degree murder, a violation of LSA-R.S. 14:30.1. On January 20, 2010, the defendant filed a motion to quash the indictment, arguing that “the charges” should be quashed “due to the fact that the possible range of sentence is zero years because the defendant was 14 years old at the time of the alleged murder” and was over twenty-one years old at the time the indictment was filed.[2] After a hearing, the trial judge granted the defendant’s motion to quash to the extent that the trial court ordered that the maximum penalty to which the defendant was subject upon con-vietion was incarceration until his twenty-first birthday, thereby allowing the State to prove its case against the defendant but, in effect, negating punishment as the defendant had already surpassed the age of twenty-one at the time of the ruling.
The State subsequently filed an application for writ of review of the trial court’s ruling with this court, which we denied, noting as follows: “As the | defendant has not been convicted, the extent of his sentencing exposure is not properly before this court. If the defendant is convicted and sentenced, the issue will be ripe for review.” State v. Odomes, 2010 KW 0812 (La.App. 1st Cir.8/17/10) (unpublished).
On August 25, 2011, after a trial by juiy, the defendant was found guilty as charged. The trial court subsequently sentenced the defendant to incarceration until his twenty-first birthday, candidly recognizing that said sentence would have no practical effect since the defendant was already over twenty-one years old at the time of imposition.
The State now appeals, arguing that the trial judge erred in ruling that the maximum penalty upon conviction was incarceration until the age of twenty-one instead of the statutory penalty of life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence.
DISCUSSION
Based on the defendant’s purported date of birth, February 26, 1978, he was fourteen years old at the time he committed *169 the offense.[3] At the time the grand jury indictment was filed on September 26, 2007, the defendant was twenty-nine years old. As noted above, after a trial by jury, the defendant was convicted and sentenced on the charge of second degree murder for the particularly brutal killing of Hunter Morgan, III, an Episcopal priest.[4]
| ¿ASSIGNMENT OF ERROR
In the sole assignment of error, the State argues that the trial court erred in its ruling on the defendant’s motion to quash (and sentencing) because the special jurisdiction of the juvenile court existed only until the defendant turned twenty-one years old. Noting that the penalty for second degree murder is life imprisonment, the State argues that when the defendant turned twenty-one years old, that special consideration ended and the defendant, like any other defendant in his situation, was subject to district court jurisdiction. The State alternatively argues that the court has adequate tools and remedies to fashion an appropriate disposition, including a sentence that would comport with the constitutional prohibition against cruel, excessive, or unusual punishment. The State also argues that there is no ex post facto prohibition against the application of LSA-C.Cr.P. art. 876(B), added by 2008 La. Acts, No. 670, § 2, which provides for a penalty equal to the amount of time to which an individual like the defendant could have been sentenced had he been adjudicated for the offense as a child at the time the offense was committed. The State notes that since the defendant was fourteen years old at the time of the offense, this provision, if applied, would set the maximum sentence at roughly seven years, as the defendant was roughly seven years from attaining the age of twenty-one when he committed the offense.
The State also notes that the defendant was still subject to the jurisdiction of the juvenile court in 1994. Relying on State v. Farris, 95-0570 (La.App. 1st Cir.11/16/95), 666 So.2d 337, the State submits that LSA-Ch.C. art. 857 should be applied retroactively to allow the proper vesting of jurisdiction in the district court. In that regard, the State contends that the defendant was sixteen years old when LSA-Ch.C. art. 857(B) went into effect and the defendant could have been transferred to district court and prosecuted as an adult for the 1992 murder with a penalty of incarceration up to his thirty-first birthday. The State notes that since | fthe defendant was fourteen years old at the time of the offense, if this provision were applied, the maximum sentence to which defendant could be subjected would be set at roughly seventeen years, as the defendant was roughly seventeen years from attaining the age of thirty-one when he committed the offense. Citing State v. Havis, 2003-2490 (La.4/30/04), 874 So.2d 153 (per curiam), and LSA-Ch.C. art. 804(1), the State argues the defendant could have been indicted in district court as an adult after he attained the age of twenty-one without the need for a transfer proceeding.
In response, the defendant argues that the trial court imposed the correct sentence. The defendant contends that based on the law that was in effect at the time of *170 the offense, ■ his range of sentence could only be until he reaches the age of twenty-one. The defendant argues that the ex post facto application of any statute enacted after the date of the offense, as sought by the State, would subject him to increased penalties, in violation of the U.S. Const, art. I, § 10 and La. Const, art.’ I, § 23.
In ruling on the motion to quash, the trial court noted that based on the law in effect at the time of the offense, the possible sentence for the defendant was commitment until his twenty-first birthday. The court noted that there had been several subsequent statutory amendments and enactments, but found that the application of these amendments to the defendant would constitute a prohibited ex post facto application of the law. The court concluded the defendant’s penalty exposure was confinement until the age of twenty-one. However, the trial court also stated that it was not ruling that the sentencing possibility was zero or that the State was not entitled to prosecute the defendant.
When a trial court rules on a motion to quash, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court’s discretion. See State v. Odom, 2002-2698 (La.App. 1st Cir.6/27/03), 861 |fiSo.2d 187, 191, writ denied, 2003-2142 (La.10/17/03), 855 So.2d 765. However, a trial court’s legal findings are. subject to a de novo standard of review. See State v. Smith, 99-0606, 99-2015, 99-2019, 99-2094 (La.7/6/00), 766 So.2d 501, 504.
A defendant is to be tried and sentenced under the statute that was in effect at the time he committed the crime. State v. Bethley, 452 So.2d 367, 370 (La.App. 1st Cir.1984). Ex post facto laws are prohibited by not only the Louisiana Constitution, but also the United States Constitution. U.S. Const, art. I, §§ 9 & 10; La. Const, art. I, § 23. This prohibition extends to the enforcement of any enactment which changes the punishment to inflict a greater penalty for the crime than that which was authorized at the time it was committed. Thus, legislation which amends a criminal statute to increase the possible maximum penalty for violating the statute cannot be applied to someone convicted of committing a crime prior to the enactment of the legislation. See State v. Robinson, 423 So.2d 1053, 1063 (La.1982).
Although the language of the federal constitution does not define the term ex post facto, the case of Calder v. Bull, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798), interpreted that term, and its holding has been applied ever since. The Colder court outlined four categories of ex post facto laws: (1) a law making criminal, and subject to punishment, an- activity that was innocent when originally done; (2) a law aggravating a crime or making it a greater crime than it was when originally committed; (3) a law aggravating a crime’s punishment; and (4) a law altering the rules of evidence to require less or different testimony than was required at the time of the commission of the crime so as to make easier the conviction of the offender. Colder, 3 U.S. at 390; State ex rel. Olivieri v. State, 2000-0172 (La.2/21/01), 779 So.2d 735, 742, cert denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001) and 534 U.S. 892, 122 S.Ct. 208, 151 L.Ed. _g2d7 148 (2001). In Olivieri, the Louisiana Supreme Court held that in determining whether there has been an ex post facto violation, the analysis should focus on whether the new law redefines criminal conduct or increases the penalty by which the conduct is punished, and not whether the defendant has simply been disadvantaged. Olivieri, 779 So.2d at 744.
*171 At the time the crime at issue was committed, LSA-Ch.C. art. 898(C)(5) provided that the maximum disposition for a child adjudicated a delinquent for a felony was until the child reached the age of twenty-one. However, LSA-Ch.C. art. 857 at that time provided that a child fifteen years of age or older could be transferred to an adult court and subject to an adult trial. Nonetheless, as noted above, the defendant was only fourteen years old when he committed the instant offense. In 1994, ie., after the offense, LSA-Ch.C. art. 857 was amended to provide that fourteen-year-olds could be transferred to adult court and to increase the penalty for a child convicted of certain crimes, including murder, to incarceration until the age of thirty-one.
 Also, because the defendant was over the age of twenty-one when arrested, he was no longer a child for purposes of delinquency proceedings conducted in a court exercising original juvenile jurisdiction. See LSA-Ch.C. art. 804(1) (“ ‘Child’ means any person under the age of twenty-one, including an emancipated minor, who commits a delinquent act before attaining seventeen years of age”). Nonetheless, the initiation of criminal prosecution in the district court shall not prejudice the defendant by exposing him to greatly enlarged penalties than otherwise would have been applicable if this case had been initiated as a juvenile delinquency proceeding. See Havis, 874 So.2d at 156. Since the defendant committed the offense when he was fourteen years old, he was subject to secure confinement until his twenty-first birthday, a period of seven years. LSA-Ch.C. art. 898(C)(5) (the previously noted law in effect at the time of the offense). Thus, |swe are constrained to find that the State’s initial argument that the defendant should be subject to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence upon a conviction for a second degree murder offense committed at the age of fourteen is not persuasive and is without authority.
Further, we must reject the State’s argument to apply to the instant case the 1994 amendment to LSA-Ch.C. art. 857 adding subsection (B), which increased the sentencing exposure of a fourteen-year-old to his thirty-first birthday. Instead, we are constrained to find that such an application would constitute an ex post facto violation since it would increase the defendant’s original sentencing exposure by ten years.
However, we find merit to the State’s argument in favor of the application of 2008 La. Acts, No. 670, § 1. ' This legislative act amended LSA-Ch.C. art. 857 by adding subsection (C)(2), as follows:
An adult who is charged with an offense committed at the time he was a child for which the time limitation for the institution of prosecution pursuant to Code of Criminal Procedure Art. 571 has not lapsed and for which he was not subject to prosecution as an adult due to his age at the time the offense was committed may be prosecuted as an adult in the appropriate court exercising criminal jurisdiction. If convicted, he shall be committed to the custody of the Department of Public Safety and Corrections to be confined in secure placement for a period of time as determined by the court not to exceed the maximum amount of confinement he could have been ordered to serve had he been adjudicated for the offense as a child at the time the offense was committed. [Emphasis added.]
Likewise, 2008 La. Acts, No. 670, § 2 amended LSA-C.Cr.P. art. 876 by adding subsection (B):
*172 An adult who is charged with an offense committed at the time he was a child for which the time limitation for the institution of prosecution pursuant to [Code of Criminal Procedure] Article 571 has not lapsed and for which he was not subject to prosecution as an adult due to his age at the time the offense was committed may be prosecuted as an adult in the appropriate court exercising criminal jurisdiction. If convicted, he may be committed to the custody of the Department of Public Safety and Corrections to be confined in secure placement for | 8a period of time as determined by the court not to exceed the maximum amount of confinement he could have been ordered to serve had he been adjudicated for the offense as a child at the time the offense was committed. [Emphasis added.]
As stated above, the maximum amount of confinement the defendant could have been ordered to serve had he been adjudicated for the instant offense as a child at the time the offense was committed was seven years. The above enactments of 2008 La. Acts, No. 670 do not redefine criminal conduct or increase the penalty by which it is punished. They simply allow the courts to impose the term of incarceration that could have been imposed at the time of the offense, had the defendant not avoided prosecution at that time. Thus, the prohibition against ex post facto laws would not prohibit the application of LSA-Ch.C. art. 857(C)(2) and LSA-C.Cr.P. art. 876(B) to the present case.[5] Accordingly, the trial court erred in ruling that the application of these provisions would constitute a violation of the ex post facto laws. Thus, we find merit to this portion of the State’s assignment of error.
DECREE
For the above and foregoing reasons, we reverse that portion of the trial court’s March 11, 2010 ruling, which granted, in part, the defendant’s motion to quash, affirm the conviction, vacate the sentence, and remand for resentencing.
RULING GRANTING, IN PART, DEFENDANTS MOTION TO QUASH REVERSED; CONVICTION AFFIRMED; SENTENCE VACATED; AND REMANDED FOR RESENTENCING.
KUHN, J., concurs & will assign reasons.

. We note that the defense brief in this case refers to defendant as "Derrick Odomes,” the grand jury indictment names the defendant as "Derrick Odoms,” and the rest of the record contains both spellings. The spelling of defendant’s last name we have used herein as "Odomes” is consistent with the defendant’s signature on the warning and waiver-of-rights form of the Thibodaux Police Department.

. The indictment was filed on September 26, 2007. Previously, on October 11, 2007, the defendant filed a motion to quash the indictment on the grounds of jurisdiction, which was denied by the trial court. The subject of the instant appeal is the trial court’s partial grant of the subsequent motion to quash filed by the defendant on January 20, 2010.

. Moreover, the record consistently indicates this date as his date of birth. In its brief on appeal, the State does not rely on an exact date of birth, but, instead, treats the above date as an approximation. However, although not under oath at the time, the defendant stated at sentencing that his date of birth is February 26, 1978.

. The facts of the offense in this heinous and tragic case are not at issue for purposes of this appeal and will not be further detailed herein.

. Both statutes were amended again by 2010 La. Acts, No. 805, § 1 to provide that such adults shall be prosecuted as adults.