DREW, J.
|, FACTS
In January of 2012, C.S., age 20, and I.S., age 21, pled guilty to one count each of indecent behavior with juveniles, in violation of La. R.S. 14:81. Their admitted offenses occurred over seven years, at which time:
• C.S. was 12 years old and his victim was not yet 6 years of age; and
• I.S., the brother of C.S., was 13 years old and his victim was not yet 8 years of age.
Prosecuted in adult criminal court, C.S. was sentenced to five years at hard labor, suspended, with three years of probation. *1210 I.S. was sentenced to three years at hard labor, suspended, with three years of probation. Both were ordered to register as sex offenders for 15 years, in compliance with La. R.S. 15:542.
In a consolidated appeal, we are asked to review only one issue: the legality of the registration requirement under these unique facts.
Defendants argue that:
• they were indisputably juveniles when these criminal events occurred;
• they could not have been ordered to register had they been charged and prosecuted as juveniles while they were juveniles;
• fairness dictates that they should not have to register now just because the prosecution was delayed until after they became adults; and
• La. R.S. 15:542(A) instructs that a juvenile’s age at the time of the offense determines whether registration is required.
The state responds that the trial court had a mandatory duty to order the defendants to register. The father of the victims requests registration.
During a sentencing hearing on May 29, 2012, the trial court stated that:
|⅞« the defendants had been prosecuted under La. Ch. C. art. 857(C)(2);
• with the exception of these matters, each defendant had a clean record;
• one defendant is a high school graduate and the other received a G.E.D.; and
• both were employed.
INITIAL ANALYSIS
1. The purpose of sex offender registration is to protect the public.[1]
2. These defendants are sex offenders, *1211 as each has committed a sex offense.[2]
|s3. Sex offenders must register as such.[3]
4. Had these offenses been discovered and prosecuted when the defendants were still juveniles, their cases could not have been transferred to adult court, since each was under 14 when the crimes occurred, and also because the crime of indecent behavior with juveniles is not one of the seven crimes allowing a transfer to adult prosecution of juveniles who are 14 or older at the time of their crime.[4]
L5. The district court has proper adult criminal jurisdiction of these defendants, though any period of confinement is limited to that which they could have received had they been prosecuted while still juveniles.[5]
6. This confinement limitation is re *1212 peated in the Code of Criminal Procedure.[6]
7. Sex offender registration and notification requirements are mandatory.[7]
8. To protect the public, the legislature has established onerous probationary conditions for sex offenders.[8]
|b9. We have no issue of prescription here.[9]
JURISPRUDENCE
A. There is not much jurisprudence, and nothing directly on point.
B. One sister circuit has interpreted La. Ch. C. art. 857(C)(2) in State v. Odoms, 2011-2092 (La.App. 1st Cir.6/8/12), 94 So.3d 166. In that case, the defendant was 29 when he was charged with a murder committed when he was 14. According to the law at the time of the crime, a 14-year-old convicted of murder could not be sentenced to a period of confinement extending past his 21st birthday. The trial court sentenced Odoms to imprisonment until his 21st birthday, candidly recognizing that the sentence would have no practical effect, since he had already surpassed the maximum age of confinement.
On appeal, the state argued that:
• the trial court should have applied La. Ch. C. art. 857(A) and (B), which allowed minors who commit any one of eight enumerated crimes when they were at least 14 years of age to be sentenced to confinement until age 31;
• since Odoms was 14 years old at the time of the offense, under La. Ch. C. art. 857(B), the maximum sentence to which he could have been subjected was 17 *1213 years, as he was 17 years from age 31 when he committed the murder; and
• even though this amended version of La. Ch. C. art. 857 was not in existence at the time Odoms committed the crime, the state asked the First Circuit to retroactively apply the law so that Odoms could be imprisoned for 17 years.
The First Circuit rejected the state’s request, ruling that:
• to retroactively apply La. Ch. C. art. 857(B) would violate ^constitutional prohibitions[10] against ex post facto laws;
• because the law in existence at the time of Odoms’ crime authorized imprisoning him only until his 21st birthday, to apply art. 857(B) would increase Odoms’ original sentencing exposure by 10 years;
• La. Ch. C. art. 857(C)(2) could be retroactively applied, as this particular provision would not “redefine criminal conduct or increase the penalty by which it is punished. It simply allow[ed] the courts to impose the term of incarceration that could have been imposed at the time of the offense, had the defendant not avoided prosecution at that time”;
• had Odoms been prosecuted at age 14, he could have been imprisoned for seven years until he turned 21;
• accordingly, the court could presently sentence Odoms to seven years; and
• since the sentence imposed was no greater than what he could have received had he been prosecuted at the time of the murder, the retroactive application of La. Ch. C. art. 857(C)(2) did not constitute an ex post facto violation.
The First Circuit’s holding in Odoms, supra, confirms that La. Ch. C. art. 857(C)(2) prohibits offenders from evading punishment for juvenile crimes, even if the offenses are not discovered until adulthood. The court in Odoms did not have before it our specific issue of whether La. Ch. C. art. 857(C)(2) allows the district court to impose any additional sentencing consequences besides imprisonment.
C. The Louisiana Supreme Court has provided some guidance, at least by analogy. In State ex rel. Olivieri v. State, 2000-0172 (La.2/21/01), 779 So.2d 735, the court dealt with a claim that La. R.S. 15:542 constituted an ex post facto law.
In its analysis, the court focused upon whether a new law redefines ^criminal conduct or increases the penalty by which the crime is punishable.[11] According to the court, a careful review of the subjective intent enunciated in La. R.S. 15:540 shows that the Legislature enacted these Megan’s Laws with an avowedly nonpuni-tive intent. The court found that the laws of registration were enacted to protect communities, aid police in their investigation of sex offenders, and enable quick apprehension of sex offenders.
In addition, the court found that this legislation was of paramount governmental interest because: (1) sex offenders pose a high risk of engaging in sex offenses, (2) sex offenders have a high incidence of recidivism, (3) unless there was registration and community notification, sex offenders could remain hidden and thereby increase the risk to public safety, (4) the intent of the Legislature was remedial, not punitive, thus (5) the law at the time of sentencing should be applied to protect the public and assist law enforcement in tracking these criminals.
*1214 STATUTORY CONSTRUCTION
Legislation is the solemn expression of legislative will and, therefore, the interpretation of legislation is primarily the search for the legislative intent.[12]
When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written and no further | Rinterpretation may be made in search of legislative intent.[13] The remedial intent of the registration and reporting requirements could not be clearer in La. R.S. 15:540. See Footnote 1.
FINAL ANALYSIS
La. Ch. C. Art. 857(C)(2) specifically prohibits the district court from imposing any greater term of confinement than the defendant could have received in juvenile court. La. Ch. C. art. 857 allows a district court to exercise substantive authority depending on the type of offense of prosecution. If the crime is charged as an adult offense, the law still takes into account the youthful age of the offender and affords him some protections from an increased sentence by the trial court.
The defendants are asking us here to extend the ex post facto protections to sentencing consequences that could not have been imposed by the juvenile court had the defendant been prosecuted while still a juvenile. We decline to do so.
The defendants contend that:
• under La. R.S. 15:542, the age of the defendant at the time of the commission of the offense determines whether or not registration is required; and
• they were neither the requisite age when they committed their offenses, nor were they convicted'of one of the seven enumerated crimes allowing transfer.
We agree with the state that registration is required. We conclude this by reading together Olivieri, supra,[14] La. R.S. 15:542(A)(l)(a), and La. 19Ch. C. art. 857(C)(2).[15] Remedial legislation,[16] intended to protect the public, is properly assessed as the law exists at the time that the probationary or parole conditions are fixed.[17]
CONCLUSION
We affirm the trial court’s judgment requiring registration for these defendants *1215 who were prosecuted as adults for non-transferrable sex offenses committed when each was a child under the age of 14.
AFFIRMED.
CARAWAY, J., dissents with written reasons.

. La. R.S. 15:540. Findings; purpose
A. The legislature finds that sex offenders, sexually violent predators, and child predators often pose a high risk of engaging in sex offenses, and crimes against victims who are minors even after being released from incarceration or commitment and that protection of the public from sex offenders, sexually violent predators, and child predators is of paramount governmental interest. The legislature further finds that local law enforcement officers’ efforts to protect their communities, conduct investigations, and quickly apprehend offenders who commit sex offenses and crimes against victims who are minors, are impaired by the lack of information available to law enforcement agencies about convicted sex offenders, sexually violent predators, and child predators who live within the agency's jurisdiction, and the penal and mental health components of our justice system are largely hidden from public view and that lack of information from either may result in failure of both systems to meet this paramount concern of public safety. Restrictive confidentiality and liability laws governing the release of information about sex offenders, sexually violent predators, and child predators have reduced willingness to release information that could be appropriately released under the public disclosure laws, and have increased risks to public safety. Persons found to have committed a sex offense or a crime against a victim who is a minor have a reduced expectation of privacy because of the public’s interest in public safety and in the effective operation of government. Release of information about sex offenders, sexually violent predators, and child predators to public agencies, and under limited circumstances to the general public, will further the governmental interests of public safety and public scrutiny of the criminal and mental health systems so long as the information released is rationally related to the furtherance of those goals.
B. Therefore, this state’s policy is to assist local law enforcement agencies’ efforts to protect their communities by requiring sex offenders, sexually violent predators, and child predators to register with state and local law enforcement agencies and to require the exchange of relevant information about *1211 sex offenders, sexually violent predators, and child predators among state, local, and federal public agencies and officials and to authorize the release of necessary and relevant information about sex offenders, sexually violent predators, and child predators to members of the general public as provided in this Chapter. (Our emphasis.)

. La. R.S. 15:541. Definitions (in pertinent part)
(24)(a) “Sex offense” means ... conviction for ... R.S. 14:81 (indecent behavior with juveniles)[.]

. La. R.S. 15:542. Registration of sex offenders and child predators (our emphasis)
A.The following persons shall be required to register and provide notification as a sex offender or child predator in accordance with the provisions of this Chapter:
(1)Any adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit either of the following:
(a) A sex offense as defined in R.S. 15:541, with the exception of those convicted of felony carnal knowledge of a juvenile as provided in Subsection F of this Section[J

. La. Ch. C. art. 857 Transfer of crimes from juvenile court to district court; authority
A. The court on its own motion or on motion of the district attorney may conduct a hearing to consider whether to transfer a child for prosecution to the appropriate court exercising criminal jurisdiction if a delinquency petition has been filed which alleges that a child who is fourteen years of age or older at the time of the commission of the alleged offense but is not otherwise subject to the original jurisdiction of a court exercising criminal jurisdiction has committed any one or more of the following crimes:
(1) First degree murder.
(2) Second degree murder.
(3) Aggravated kidnapping.
(4) Aggravated rape.
(5) Aggravated battery when committed by the discharge of a firearm.
(6) Armed robbery when committed with a firearm.
(7) Repealed.
(8) Forcible rape if the rape is committed upon a child at least two years younger than the rapist.
B. Notwithstanding any other provision of law to the contrary, a fourteen-year-old who is transferred pursuant to this Article and subsequently convicted shall not be confined for such conviction beyond his thirty-first birthday.
C.(l) An adult who is charged with an offense committed at the time he was a child for which the time limitation for the institution of prosecution pursuant to Code of Criminal Procedure Art. 571 has not lapsed and for which he was subject to prosecution as an adult due to his age at the time the offense was committed shall be prosecuted as an adult in the appropriate court exercising criminal jurisdiction. If convicted, he shall be punished as an adult as provided by law.

.La. Ch. C. art. 857 Transfer of crimes from juvenile court to district court; authority
C. (2) An adult who is charged with an offense committed at the time he was a child for which the time limitation for the institution of prosecution pursuant to Code of Criminal Procedure Art. 571 has not lapsed and for which he was not subject to prosecution as an adult due to his age at the time the offense *1212 was committed shall be prosecuted as an adult in the appropriate court exercising criminal jurisdiction. If convicted, he shall be committed to the custody of the Department of Public Safety and Corrections to be confined in secure placement for a period of time as determined by the court not to exceed the maximum amount of confinement he could have been ordered to serve had he been adjudicated for the offense as a child at the time the offense was committed. (Our emphasis.)

.La. C. Cr. P. art. 876. Prosecution and sentence for crime committed as a child
B. An adult who is charged with an offense committed at the time he was a child for which the time limitation for the institution of prosecution pursuant to Code of Criminal Procedure Article 571 has not lapsed and for which he was not subject to prosecution as an adult due to his age at the time the offense was committed shall be prosecuted as an adult in the appropriate court exercising criminal jurisdiction. If convicted, he may be committed to the custody of the Department of Public Safety and Corrections to be confined in secure placement for a period of time as determined by the court not to exceed the maximum amount of confinement he could have been ordered to serve had he been adjudicated for the offense as a child at the time the offense was committed. (Our emphasis.)

. La. R.S. 15:542 Registration of sex offenders and child predators.
F.(l) Except as provided in Paragraphs (2) and (3) of this Subsection, the sex offender registration and notification requirements required by this Chapter are mandatory and shall not be waived or suspended by any court. Any order waiving or suspending sex offender registration and notification requirements shall be null, void, and of no effect. Any order waiving or suspending registration and notification requirements shall not be construed to invalidate an otherwise valid conviction.

. See La. R.S. 15:538. Conditions of probation, parole, and suspension or diminution of sentence.

. La. C. Cr. P. art. 571.1 fixes the time to institute criminal proceedings for indecent behavior with juveniles at 30 years from the 18 th birthday of the victim.

. See U.S. Const. Art. I, § 10; Louisiana Const. Art. I, § 23.

. See Smith v. State, 2010-1140 (La.1/24/12), 84 So.3d 487; State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790.

. La. C.C. art. 1; Burnette v. Stalder, 2000-2167 (La.6/29/01), 789 So.2d 573; Succession of Boyter, 1999-0761 (La.1/7/00), 756 So.2d 1122.

. La. C.C. art. 9; Boyter, supra, 756 So.2d at 1128-29.

. "[T]he economically harsh results of this well justified system of public notification is not the result of government action, but as a consequence of the sex offenders’ crimes. As such, we find that there is no infraction of the ex post facto prohibitions of the federal and state constitutions.”

. The state incorrectly argues that these defendants are subject to La. R.S. 15:542(A)( l)(b), which requires registration by ”[a]ny adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration, or any conspiracy to commit ... a criminal offense against a minor.” The term "criminal offense against a minor” is defined by La. R.S. 15:541, and does not include the crime of indecent behavior with a juvenile, the instant crime of conviction.

. See State v. Sorrell, 95-136 (La.App. 5th Cir.5/10/95), 656 So.2d 1045, writ denied, 95-1268 (La.6/30/95), 657 So.2d 1035, which held, in referencing a condition of parole, that "the law in effect at the time of a prisoner’s release governs the terms of that release.”

. See Olivieri, supra, “we find that although Louisiana’s Megan's Law has provisions which may be remotely similar to historical forms of punishment, the immediate need for public protection is a corollary of rather than *1215 an addendum to the punishment of sex offenders.”