WEIMER, J.,
dissenting.
hThe fundamental question posed is whether one should face adult consequences for offenses committed as a juvenile. An analysis of all relevant statutory provisions, as opposed to singling out one provision, demonstrates the legislature’s intent not to impose adult consequences for certain acts when committed as a juvenile. For the reasons discussed below, I respectfully dissent from the majority opinion.
The legislature’s intent was aptly identified by Judge Caraway, who dissented from the court of appeal’s ruling that a person who, as a juvenile, committed indecent acts with another juvenile and, as an adult, pled guilty to that offense, must register as a sex offender. Judge Caraway observed that the legislature has defined the class of offenders who must register in La. R.S. 15:542 and has specifically addressed offenders whose offenses were committed as juveniles. Under La. R.S. 15:542(A)(2), persons culpable for “a sex offense ... as provided for in Children’s Code Article 305 |2or 857” must register.[1] Judge Caraway further noted, “[t]he only sex offenses listed in the Children’s Code in the cited Articles 305 or 857 are aggravated rape and forcible rape.” Here, neither defendant was convicted of aggravated or forcible rape; the defendants were convicted of indecent behavior with a juvenile. “Rounding out the class of offenders who must register,” as Judge Caraway *358 continued his analysis, “the other provisions of La. R.S. 15:542(A) apply to adults and to other juveniles who commit a crime after attaining the age of fourteen.[2] Here again, neither defendant fits this category; at the time of offense, one defendant was thirteen years old, and the other defendant was twelve years old.
The legislature defined the categories of persons who must register by looking to the time the offense was committed, as Judge Caraway explained. By scribing a detailed listing of juvenile offenses within La. R.S. 15:542(A)(2) and (3), while omitting the particular offense committed by the instant defendants, the “Legislature never intended that a juvenile who commits the crime of indecent behavior with a juvenile have imposed upon him the sex registration requirements extending for 15 years into his adult life.”[3]
To Judge Caraway’s well-reasoned explanation, I would initially add that, because La. R.S. 15:542(A)(2) and (3) specifically address offenses committed while the offender was a juvenile, those provisions trump the more general provision of La. R.S. 15:542(A)(1) (requiring convicted adults to register). See Medine v. Roniger, 03-3436, p. 11 (La.7/2/04), 879 So.2d 706, 714 (ruling that “where two statutory provisions are in conflict, the statute that is more specific must prevail as an | sexception to the general statute.”).[4] Additionally, because the legislature has specifically listed within La. R.S. 15:542(A)(2) and (3) certain offenses requiring registration when committed while a juvenile and has omitted indecent behavior with a juvenile when committed as a juvenile from that list, “the time honored maxim, expres-sio unius et exclusio alterius ” applies. See Sensebe v. Canal Indent. Co., 10-0703, p. 16 (La.1/28/11), 58 So.3d 441, 451. That maxim “teaches us that when the legislature specifically enumerates a series of things, the legislature’s omission of other items, which could have been easily included in the statute, is deemed intentional.” Id., quoting Theriot v. Midland Risk Ins. Co., 95-2895, p. 4 (La.5/20/97), 694 So.2d 184,187.
However, it is the general statutory provision, La. R.S. 15:542(A)(1), on which the majority here relies, contravening these and other principles of statutory interpretation: “the paramount consideration in statutory interpretation is ascertainment of the legislative intent and the reason or reasons which prompted the legislature to enact the law,”[5] and that “the legislature is ... presumed to have enacted a statute in light of preceding statutes involving the same subject matter and decisions eonstru- *359 ing such statutes.”[6] (Internal quotation marks and citation omitted.) The sex offender registry was enacted against a historic backdrop by which the judicial |4consequences of actions committed as a juvenile are screened from being carried forward into adulthood, absent a contrary expression of legislative intent. This principle is recognized in the Louisiana Constitution, as well as in a plethora of laws.[7] The majority’s ruling now undermines the traditional separation of juvenile offenses from adult offenses and sidesteps the authorities supporting this separation.
For example, La. Const, art. V,- § 19 establishes the general rule that “[t]he determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be pursuant to special juvenile proceedings.” This general rule allows, however, for the legislature to enact by supermajority of each house that “special juvenile procedures shall not apply to juveniles” for crimes such as “first or second degree murder.” In other words — and as a general rule— unless the legislature decides otherwise, certain juvenile offenses do not continue to burden one far into adulthood. For those offenses listed in La. Const, art. V, § 19, the legislature can provide that juveniles be subjected to adult consequences, and has passed such legislation.[8] Although the list of offenses includes aggravated and forcible rape, it does not include indecent behavior with a juvenile. Thus, for indecent behavior with a juvenile, when committed as a juvenile, the wall of separation between juvenile and adult consequences remains.
|fiOne consequence of this wall of separation between juvenile and adult offenses is that, with certain exceptions, a juvenile court adjudication for committing the indecent acts with a juvenile, when committed as a juvenile, is a non-public record required to be kept confidential. See La. Ch.C. art. 412(A) and (G). In contrast, the very reason the sex offender registration exists is to make public the fact that an offender has committed certain acts. See La. R.S. 15:540 (reciting the legislature’s findings, including that the “[rjelease of information about sex offenders, sexually violent predators, and child predators to public agencies, and under limited circumstances to the general public, will further ... public safety ... so long as the information released is rationally related to the furtherance of those goals.”). Given the wall of separation that existed long before the enactment of the sex offender registry *360 laws in 1992,[9] and because the legislature is presumed to be aware of, and to act in harmony with, existing law,[10] I find the legislature’s omission from La. R.S. 15:542(A) of indecent behavior with a juvenile when the offender is a juvenile reflects a legislative intent not to require registration for such an offense.
It is tempting to conclude that the state here might have entirely avoided the wall of separation between juvenile and adult consequences by prosecuting more serious charges, rather than pleading out both matters as indecent behavior with a juvenile. However, these are juvenile offenders, not adult offenders, who, because of the fact of delayed disclosure of their offenses, pled as adults.[11] The offenders | (¡admitted their guilt for offenses committed as juveniles under the age of fourteen; there is no evidence whatsoever of any offenses beyond them youth. Even so, the majority has read the adult registration requirement in isolation and without regard to the more specific registration requirements related to juvenile offenders and has erroneously imposed adult sentencing consequences for offenses committed as juveniles where the legislature has not chosen to do so.
Aside from reading the adult registration requirement in isolation, the majority avoids the result compelled by other longstanding principles of statutory interpretation. While noting La. C.C. art. 9 mandates that a law cannot be applied in a manner leading to absurd consequences, the majority has apparently overlooked the incongruous effects of its ruling.
For instance, random or arbitrary factors could change the result. A delay in reporting an indecent act, or a delay in prosecuting an indecent act, could spell the difference between the imposition or non-imposition of a reporting requirement. As long as the offender’s eighteenth birthday has been passed,[12] under the majority’s ruling, a person, who as a juvenile has committed an indecent act with a juvenile and has been convicted by an adult court, must register. See La. R.S. 15:542(A)(1). Oddly, and further revealing the arbitrary effects of the majority’s ruling, if adjudicated a delinquent by a juvenile court, the same adult is not required to register,[13] unless “adjudication has been deferred or withheld.” Id. Therefore, under the majority’s ruling, depending on such vagaries as whether a juvenile has been afforded the opportunity of probation pursuant to La. Ch.C. art. 896 (describing 17post-adju-dication probation pursuant to a deferred dispositional agreement), if proceedings are initiated when an offender is sixteen years old, but final adjudication does not occur until after the offender’s eighteenth birthday, the offender could be required to register.
*361 Although the sex offender registry exists to protect the public,[14] the legislature, via La. R.S. 15:542(A)(2) and (3), has indicated that a juvenile who commits an indecent act with another juvenile need not register when adjudicated a delinquent as a juvenile. Nevertheless, the majority essentially rules that when the offender is even further removed in time from the offense, because the offender has now attained adulthood, the public somehow now needs greater protection. Therefore, another incongruous result of the present ruling becomes apparent when considering that the legislature long ago determined the public needed no registration protection whatsoever from a juvenile who commits indecent acts with another juvenile, but this court rules decades later that the public needs, in some instances, the protections afforded by sex offender registration.
Stated differently, if protection were indeed required when a juvenile commits the indecent acts with another juvenile, then logic demands protection would be required near in time to the offense. The legislature has not determined the need for such protection, because if the offense is adjudicated before the offender’s eighteenth birthday, registration is plainly not required. See La. R.S. 15:542(A)(2) and (3). The majority’s present ruling, when viewed through the lens of what constitutes legitimate protection, is backwards. Furthermore, because an offender is exempt from registration nearer in time to the indecent acts, ie., during the offender’s juvenile years, the majority’s requirement for the public to be alerted to the indecent acts |Rdecades later[15] is a result contrary to La. C.C. art. 9 (requiring laws to be interpreted in a manner that avoids absurd results).
The majority claims to have considered the consequences of its ruling by considering “laws on the same subject matter” and interpreting such laws “in reference to each other” as required by La. R.S. 1:3, and La. C.C. arts. 12 and 13. However, the majority overlooks the import of a provision within the very same statute it presently applies, La. R.S. 15:542.
Specifically, a provision addressing carnal knowledge of a juvenile is found in La. R.S. 15:542(F)(2), which empowers “the court of conviction” to “waive sex offender registration and notification requirements” for a conviction of “felony carnal knowledge of a juvenile (R.S. 14:80),” under certain circumstances and if certain formalities are met. However, the majority’s ruling makes registration mandatory for the instant offense of indecent behavior with a juvenile, when committed as a juvenile. See La. R.S. 15:542(F)(1) (describing non-waivable registration as the general rule).[16] Given that the penalty for carnal knowledge includes up to ten years hard labor (La. R.S. 14:80(D)(1)),[17] the legislature has deemed carnal knowledge of a *362 juvenile to be a more serious offense, than indecent behavior with a juvenile which has a lesser penalty, ie., “with or without hard labor for not more than seven years.” See La. R.S. 14:81(H)(1).
| aThus, through its imposition of a non-waivable registration mandate, the majority has effectively imposed more severe consequences for an offense that the legislature has deemed less serious. Logic dictates the legislature would not more severely sanction the less serious offense. The majority has overlooked that for felony carnal knowledge of a juvenile, the legislature has made available a waiver procedure, which is unavailable under the majority’s ruling to a juvenile who commits the lesser offense of indecent acts with a juvenile who must register as a sex offender. A review of the registration requirement contained in La. R.S. 15:542 in light of laws on the same topic reveals sentencing consequences contained within the very same statute have been overlooked.
I emphasize that just as I have previously joined in opinions holding that Louisiana’s sex offender registry is remedial, I am in no way retreating from that position.[18] The sex offender registry was designed for the laudable purpose of protecting the public. See La. R.S. 15:540. The problem with the instant case is that, notwithstanding the design of the registry, persons who were never statutorily-required to register at the time of their juvenile offense are now being required to register because they pled guilty after their eighteenth birthday. Admittedly, these facts are unique from those previously analyzed by this court. However, because the legislature deemed the offense of indecent acts with a juvenile, when committed as a juvenile did not merit remediation in the form of registering as a sex offender, the majority ruling of this court ignores the lines of separation the legislature has drawn between offenses committed as a juvenile and as an adult. Such 110a result is, therefore, in violation of the legislature’s stated purposes. Accordingly, I respectfully dissent.

. State v. I.C.S., 47,829, p. 1 (La.App. 2 Cir.2/27/13), 110 So.3d 1208, 1215 (Caraway, J„ dissenting), quoting La. R.S. 15:542(A)(2).

. Id. 47,829 at 1-2, 110 So.3d at 1215 (Caraway, J., dissenting).

. See Id., 47,829 at 1-2, 110 So.3d at 1215-16 (Caraway, J., dissenting).

. If viewed in isolation, La. R.S. 15:542(A)(1) would impose a registration requirement because each defendant, having reached the age of majority at the time of pleading guilty, is arguably now "[a]ny adult residing in this state who has pled guilty to ... (a) A sex offense as defined in R.S. 15:541.” On the other hand, La. R.S. 15:542(A)(3) exempts from the registration requirement, among others, juveniles whose offenses were committed before "attainting] the age of fourteen,” and La. R.S. 15:542(A)(2) essentially exempts from registration a juvenile who does not commit an enumerated offense (indecent acts with a juvenile is not enumerated). Because the registration requirement is primarily described in terms of the offense, the offenses themselves must be considered and the more specific categories, comprehensively addressing juvenile offenses, La. R.S. 15:542(A)(2) and (3), must apply.

.State v. Dick, 06-2223 (La. 1/26/07), 951 So.2d 124, 130.

. State v. Wilkins, 13-2539, p. 2 (La.1/15/14), 131 So.3d 839, 840

. " ‘[0]ur history is replete with laws and judicial recognition’ that children cannot be viewed simply as miniature adults.” Eddings v. Oklahoma, 455 U.S. 104, 115-16, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). In Miller v. Alabama, - U.S. -, -, 132 S.Ct. 2455, 2471, 183 L.Ed.2d 407 (2012), the Court further found, as a justification for relieving adults from the harshest sentencing consequences when their offenses were committed as juveniles, "that ‘developments in psychology and brain science continue to show fundamental differences between juvenile and adult minds,’ ” (Miller, 132 S.Ct. at 2464-65, quoting Graham v. Florida, 560 U.S. 48, 68, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010)), and these differences "both lessened a child’s 'moral culpability' and enhanced the prospect that, as the years go by and neurological development occurs, his " ‘deficiencies will be reformed.’ ” Miller, 132 S.Ct. at 2464-65, quoting Graham v. Florida, 560 U.S. 48, 68, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), quoting Roper v. Simmons, 543 U.S. 551, 570, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).

.See generally La. Ch.C. art. 305 (entitled "Divestiture of juvenile court jurisdiction; original criminal court jurisdiction over children; when acquired”).

. Louisiana's sex offender registration requirement was established by 1992 La. Acts 388, § 1, effective June 18, 1992.

. See Wilkins, 13-2539 at 2, 131 So.d at 840.

. Unfortunately, because of the trauma of being victimized as a minor, it has long been recognized that a delay in reporting sexual abuse of a minor is not uncommon among such victims. See David McCord, Expert Psychological Testimony About Child Complainants in Sexual Abuse Prosecutions: A Foray Into the Admissibility of Novel Psychological Evidence, 77 J.Crim. L. & Criminology 1, 60-61 (1986).

. See La. Ch.C. art. 116(3) (" 'Child' means a person who has not attained the age of eighteen years, except as it is specially defined by a Title of this Code.”).

. Unless tried as an adult, juveniles are not convicted, but are adjudicated delinquent. See La. Ch.C. art. 884(A) ("Following the adjudication hearing, the court shall immediately declare whether the evidence warrants an adjudication that the child is delinquent.”).

. See La. R.S. 15:540.

. According to the indictment, the indecent acts were committed in 2004, i.e., approximately a decade ago. The district court’s order requires registration for another decade and a half.

. Under La. R.S. 15:542(F)(1), except for the offense of carnal knowledge of a juvenile (see La. R.S. 15:542(F)(2) and (3)), when registration requirements are triggered, those requirements "are mandatory and shall not be waived or suspended by any court.”

.Another penalty, which applies to offenders seventeen or more years of age, includes mandatory "hard labor for not less than two nor more than twenty-five years.” La. R.S. 14:81(H)(2). Again, in this instance, the legislature recognized what the majority of this court has not-that offenders who commit sex crimes when juveniles should generally suffer lesser consequences.

. See, e.g., Smith v. State, 2010-1140, pp. 15-16 (La.1/24/12), 84 So.3d 487, 497-98 (citing with approval State ex rel. Olivieri, 00-0172 (La.2/21/01), 779 So.2d 735); State v. Trosclair, 11-2302, p. 16 (La.5/8/12), 89 So.3d 340, 350-351 (citing with approval State ex rel. Olivieri).