# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #035

FROM: CLERK OF SUPREME COURT OF LOUISIANA


The Opinions handed down on the **1st day of July, 2014**, are as follows:


**BY GUIDRY, J.**:


2013-CK-1023        STATE OF LOUISIANA v. I.C.S.    C/W   STATE OF LOUISIANA v. C.M.S.
                    (Parish of Bossier)(La. Rev. Stat. 15:542(A)

                    For the reasons set forth above, we conclude under the plain
                    language of the sex offender and notification statute, La. Rev.
                    Stat. 15:542(A), the defendants meet the requirement of "[a]ny
                    adult residing in this state who has pled guilty to … a sex
                    offense as defined in R.S. 15:541…" and, therefore, must register
                    as sex offenders pursuant to La. Rev. Stat. 15:542(A)(1).
                    Accordingly, the rulings of the lower courts are affirmed.
                    AFFIRMED.

                    WEIMER, J., dissents and assigns reasons.
                    HUGHES, J., dissents and assigns reasons.

SUPREME COURT OF LOUISIANA

No. 2013-CK-1023

STATE OF LOUISIANA

VERSUS

I.C.S.

consolidated with

STATE OF LOUISIANA

VERSUS

C.M.S.

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL
SECOND CIRCUIT, PARISH OF BOSSIER**

**GUIDRY, Justice**

We granted the writ application in this matter to determine whether the district court properly ordered the defendants to register as sex offenders pursuant to La. Rev. Stat. 15:542(A). The more precise question presented is whether the defendants, who, as adults, entered pleas of guilty to the charge of indecent behavior with a juvenile for conduct that occurred when the defendants were themselves under the age of 14 years old, must register as sex offenders under the statute even though they would not have been required to register as such had they entered guilty pleas as juveniles in juvenile court at the time they committed the offenses. For the reasons set forth below, we find under the plain language of the statute that the defendants qualify as "[a]ny adult residing in this state who has pled guilty to … a sex offense as defined in R.S. 15:541…" and, therefore, must register as sex offenders pursuant to La. Rev. Stat. 15:542(A)(1).

## FACTS AND PROCEDURAL HISTORY

The charges arose out of conduct committed by the defendant brothers sometime in January of 2004 upon R.A.S., then age 5, and A.R.S., then age 7 or 8. At that time, C.M.S. was 12 years of age and I.C.S. was 13 years of age. The offenses were ultimately reported by the victims over 7 years later, at which time both defendants were adults. In July of 2011, C.M.S. was indicted on two counts of aggravated rape by a Bossier Parish grand jury, while I.C.S. was charged by bill of information with one count of indecent behavior with a juvenile. The defendants were prosecuted in adult criminal court pursuant to Children's Code Article 857(C)(2).[1] In January of 2012, pursuant to an agreement with the State, C.M.S, then age 20, and I.C.S., then age 21, entered pleas of guilty to one count each of indecent behavior with a juvenile, a violation of La. Rev. Stat. 14:81.[2]

---

[1] By amendment in 2008 of La. Child. Code art. 857(C)(2) and La. Code Crim. Proc. art. 876, the legislature authorized a procedure by which an adult who committed an offense while a juvenile may be prosecuted as an adult in a court exercising criminal jurisdiction, yet the adult defendant may be punished only to the extent that he would have been had he been tried as a child in a court exercising juvenile jurisdiction. Thus, La. Child. Code art. 857(C)(2), entitled "Transfer of crimes from juvenile court to district court; authority," provides as follows:

> An adult who is charged with an offense committed at the time he was a child for which the time limitation for the institution of prosecution pursuant to Code of Criminal Procedure Art. 571 has not lapsed and for which he was not subject to prosecution as an adult due to his age at the time the offense was committed shall be prosecuted as an adult in the appropriate court exercising criminal jurisdiction. If convicted, he shall be committed to the custody of the Department of Public Safety and Corrections to be confined in secure placement for a period of time as determined by the court not to exceed the maximum amount of confinement he could have been ordered to serve had he been adjudicated for the offense as a child at the time the offense was committed

[2] Indecent behavior with a juvenile, a violation of La. Rev. Stat. 14:81, is a "sex offense" for which registration is required. La. Rev. Stat. 15:541 provides in pertinent part: "(24)(a) 'Sex offense' means ... conviction for ... R.S. 14:81 (indecent behavior with juveniles)."

In May of 2012, the district court sentenced C.M.S. to serve five years imprisonment at hard labor, suspended, and placed him on active supervised probation for three years with special conditions, including no contact with the victims' immediate family. The district court sentenced I.C.S. to serve three years imprisonment at hard labor, suspended, and placed him on active supervised probation for three years with the same special conditions. The district court further ordered both defendants to register as sex offenders for fifteen years pursuant to La. Rev. Stat. 15:542.

On appeal, the defendants asserted they could not be required to register as sex offenders because they were juveniles themselves at the time they committed the offenses. They based their argument on the fact that, had these offenses been discovered and prosecuted when they were still juveniles, their cases could not have been transferred to adult court, because each was under the age of 14 years old when the crimes occurred and because the crime of indecent behavior with a juvenile is not one of the seven crimes for which a child 14 years or older may be tried in adult court. *See* La. Rev. Stat. 15:542(A)(2) and (3). The defendants maintained that the sex offender registration requirement does not apply to any child under the age of 14 years at the time of the offense. They thus argued that the age of the offender at the time of the commission of the offense therefore determines whether the offender must register as a sex offender.

The court of appeal majority affirmed the district court's judgment ordering the defendants to register as sex offenders. *State v. I.C.S. c/w State v. C.M.S.*, Nos. 47,829 and 47,830 (La. App. 2 Cir. 2/27/13), 110 So.3d 1208. The majority rejected the defendants' contention that they could not be required to register as sex offenders because they were juveniles at the time they committed the offenses.

The majority interpreted La. Rev. Stat. 15:542(A)(1) as applying to "any adult residing in the state" who has pleaded guilty to one of the enumerated sex offenses regardless of whether the offense was committed when the offender was an adult or a juvenile. The appellate court majority recognized that, although La. Child. Code art. 857(C)(2) prohibits the district court from imposing any greater punishment than the defendants could have received in juvenile court, the sex offender registration requirements are not punitive in nature, citing *State ex rel. Olivieri v. State*, 00-0172 (La. 2/22/01), 779 So.2d 735.

The dissenting member of the appellate panel noted that the sex offender registration law specifically provides in La. Rev. Stat. 15:542(A)(2) that it applies to juveniles who commit a sex offense described in Children's Code articles 305 and 857, which offenses include aggravated and forcible rape, as well as juvenile offenders who commit crimes after reaching age 14.[3] Because the defendants committed indecent behavior with a juvenile, a crime not enumerated in La. Child. Code art. 857, before they reached the age of 14, the dissenting judge reasoned that the sex offender requirements of La. Rev. Stat. 15:542 do not apply.

Because the issue presented is *res nova*, we granted the defendants' writ application to review the lower courts' rulings. *State v. I.C.S. c/w State v. C.M.S.*, 13-1023 (La. 2/7/14), 131 So.3d 849.

## LAW AND DISCUSSION

---

[3] La. Child. Code art. 857 provides for transfers for criminal prosecution of the juvenile charged with first and second degree murder, aggravated kidnapping and aggravated rape, aggravated battery with discharge of a firearm, armed robbery with a firearm, and forcible rape of a child at least two years younger.

La. Child. Code art. 305 addresses the divestiture of juvenile court jurisdiction for a child who commits first degree and second degree murder, aggravated rape, aggravated kidnapping, attempted first and attempted second degree murder, manslaughter, armed robbery, aggravated burglary, forcible rape, simple rape, second degree kidnapping, aggravated battery with a firearm, second or subsequent offense aggravated battery, second or subsequent offense aggravated burglary, and second or subsequent offense burglary of an inhabited dwelling.

4

The issue before us is purely one of statutory interpretation: Must the defendants register as sex offenders under La. Rev. Stat. 15:542(A)? The principles guiding our interpretation of statutes are well-settled. The starting point in the interpretation of any statute is the language of the statute itself. *Cat's Meow, Inc. v. City of New Orleans*, 98–0601, p. 15 (La. 10/20/98), 720 So.2d 1186, 1198; *Touchard v. Williams*, 617 So.2d 885 (La. 1993). Legislation is the solemn expression of legislative will, and therefore, the interpretation of a law involves primarily the search for the legislature's intent. La. Civ. Code art. 2; *Landry v. Louisiana Citizens Property Ins. Co.*, 07–1907, p. 20 (La. 05/21/08), 983 So.2d 66, 79; *Detillier v. Kenner Regional Med. Ctr.*, 03–3259, p. 3 (La. 7/6/04), 877 So.2d 100, 103. La. Civ. Code art. 9 provides that, when a law is clear and unambiguous, and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.

However, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole, and laws on the same subject matter must be interpreted in reference to each other. La. Rev. Stat. 1:3; La. Civ. Code arts. 12 and 13; *Conerly v. State*, 97–0871, p. 4 (La. 7/8/98), 714 So.2d 709, 711. Where two statutes deal with the same subject matter, they should be harmonized if possible. La. Civ. Code art. 13; *Kennedy v. Kennedy*, 96–0741, p. 2 (La. 11/25/96), 699 So.2d 351, 358 (on rehearing).

We begin, "as we must, with the language of the statute." *Bailey v. United States*, 516 U.S. 137, 144, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995); *see also State v. Barbier*, 98-2923, p. 3 (La. 9/8/99), 743 So.2d 1236, 1238. La. Rev. Stat.

15:542(A), entitled "Registration of sex offenders and child predators," provides in pertinent part as follows:

> A. The following persons shall be required to register and provide notification as a sex offender or child predator in accordance with the provisions of this Chapter:
>
> (1) Any adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit either of the following:
>
> (a) A sex offense as defined in R.S. 15:541, with the exception of those convicted of felony carnal knowledge of a juvenile as provided in Subsection F of this Section;….

La. Rev. Stat. 15:542(A) thus enumerates the persons who must register and provide notification as a sex offender. Those persons include "any adult" residing in this state who has pled guilty to or been convicted of a sex offense as defined in La. Rev. Stat. 15:541. In this case, indecent behavior with juveniles, La. Rev. Stat. 14:81, is a sex offense as defined in La. Rev. Stat. 15:541. *See* La. Rev. Stat. 15:541(24)(a). Accordingly, on its face, the statute clearly requires these defendants -- adults who pleaded guilty to an enumerated sex offense -- to register as sex offenders.

The defendants argue that it is the age of the offender at the time of the commission of the offense, rather than the age of the offender at sentencing, that determines which section of the statute applies. The defendants assert that La. Rev. Stat. 15:542(A) narrowly defines who must register to the exclusion of youthful offenders, with certain exceptions. They point out that La. Rev. Stat. 15:542(A)(2) and (3) provide as follows:

> (2) Any juvenile who has pled guilty or has been convicted of a sex offense or second degree kidnapping as provided for in Children's

Code Article 305 [addressing crimes committed "when a child is <u>15 years of age or older at the time of commission</u>…" and committed aggravated rape and wherein the juvenile court was divested of jurisdiction] or 857 [addressing cases where the offender was "<u>14 years of age or older at the time of the commission</u>" and jurisdiction was transferred to the criminal court], with the exception of simple rape…; and

(3) Any juvenile, <u>who has attained the age of fourteen years at the time of commission of the offense</u>, who has been adjudicated delinquent based upon the perpetration, attempted perpetration, or conspiracy to commit any of the following offenses:

(a) Aggravated rape…,

(b) Forcible rape…,

(c) Second degree sexual battery…,

(d) Aggravated kidnapping of a child who has not attained the age of thirteen years…,

(e) Second degree kidnapping of a child who has not attained the age of thirteen years…,

(f) Aggravated incest involving circumstances defined as an "aggravated offense"…,

(g) Aggravated crime against nature…. [Emphasis supplied].

Accordingly, the defendants contend the legislature, by reference to other statutes and by direct statement, has determined that the age of the defendant "at the time of the commission of the offense" controls whether the defendant must register under the statute. They further argue that in no case is sex-offender registration required for a child under the age of 14 years at the time of the commission of the offense. Accordingly, they contend they are not the type of "child predator" envisioned by the legislature as individuals who jeopardize the safety of the public and therefore must register and provide notification as sex offenders under La. Rev. Stat. 15:542(A).

We disagree with the interpretation of the statute advanced by the defendants. La. Child. Code art. 857(C)(2) provides for prosecution of an adult for a non-prescribed offense he committed as a child. There is no dispute that Art. 857(C)(2) applies to the defendants in this case, and that they, accordingly, "shall be prosecuted as an adult in the appropriate court exercising criminal jurisdiction." La. Child. Code art. (C)(2). Consequently, La. Rev. Stat. 15:542(A), requiring registration and notification, applies to the defendants in this case, because they are adults who, as adults, entered pleas of guilty to a sex offense for which registration is required. Under the plain language of the statute, they are required to register as sex offenders.

While it is true that the statute identifies two particular classes of juvenile offenders who must register, La. Rev. Stat. 15:542(A) is not altogether silent regarding juvenile offenders who are not prosecuted until they become adults under La. Child. Code art. 857(C)(2). We recognize the canon *casus omissus pro omisso habendus est*, which means that a case omitted is to be held as intentionally omitted. *See Simonton's Case*, 2 Mart. (o.s.) 102 (La. Terr. Super. Orleans 1811) ("This case appears a *casus omissus*, for which it is not in the power of the court to provide a remedy.") Under the omitted case canon, a matter omitted from the statute is recognized as such, and no further inquiry need be made into how the legislature would have handled the matter. However, while the legislature arguably could have more specifically addressed cases in which prosecution of child offenders is delayed until adulthood through no fault of the State, we do not view such a situation as necessarily an omitted case, because we interpret the statute to provide a catch-all provision in La. Rev. Stat. 15:542(A) in that registration is required of "<u>any adult</u> residing in the state who has pled guilty to, or been convicted of," an enumerated offense. Such a general provision is logical

because it obviates the potentially difficult task of probing into the cause of the delay in prosecution, and instead rationally applies to the offender as he stands at the time of sentencing.

Our interpretation is consistent with and supported by the remedial purpose of the sex offender registration and notice law. The purpose of the law is unequivocally set forth in La. Rev. Stat. 15:540, stressing the paramount governmental interest in protecting the community, aiding police in their investigation of sex offenders, enabling quick apprehension of sex offenders, and, ultimately, reducing the risk to public safety posed by sex offenders even after release.[4] The registration requirement is not intended to be punitive, but is instead

_____

[4] La. Rev. Stat. 15:540 provides as follows:

> A. The legislature finds that sex offenders, sexually violent predators, and child predators often pose a high risk of engaging in sex offenses, and crimes against victims who are minors even after being released from incarceration or commitment and that protection of the public from sex offenders, sexually violent predators, and child predators is of paramount governmental interest. The legislature further finds that local law enforcement officers' efforts to protect their communities, conduct investigations, and quickly apprehend offenders who commit sex offenses and crimes against victims who are minors, are impaired by the lack of information available to law enforcement agencies about convicted sex offenders, sexually violent predators, and child predators who live within the agency's jurisdiction, and the penal and mental health components of our justice system are largely hidden from public view and that lack of information from either may result in failure of both systems to meet this paramount concern of public safety. Restrictive confidentiality and liability laws governing the release of information about sex offenders, sexually violent predators, and child predators have reduced willingness to release information that could be appropriately released under the public disclosure laws, and have increased risks to public safety. Persons found to have committed a sex offense or a crime against a victim who is a minor have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. Release of information about sex offenders, sexually violent predators, and child predators to public agencies, and under limited circumstances to the general public, will further the governmental interests of public safety and public scrutiny of the criminal and mental health systems so long as the information released is rationally related to the furtherance of those goals.

> B. Therefore, this state's policy is to assist local law enforcement agencies' efforts to protect their communities by requiring sex offenders, sexually violent predators, and child predators to register with state and local law enforcement agencies and to require the exchange of relevant information about sex offenders, sexually violent predators, and child predators among state, local, and federal public agencies and officials and to authorize the release of necessary and relevant

9

intended to further the legitimate public purpose of protecting the community. As we explained in *Olivieri*, 00-0172, pp. 19-20, 779 So.2d at 747:

> A careful review of the subjective intent enunciated in La. Rev. Stat. § 15:540 shows that the Legislature enacted this state's Megan's Laws with an avowedly non-punitive intent. It is clear that the laws were enacted to protect communities, aid police in their investigation of sex offenders, and enable quick apprehension of sex offenders. These enactments were further founded on the findings of the Legislature that this legislation was of paramount governmental interest because: (1) sex offenders pose a high risk of engaging in sex offenses, (2) sex offenders have a high incidence of recidivism, and (3) unless there was registration and community notification, sex offenders could remain hidden and thereby increase the risk to public safety. Accordingly, it is apparent that the intent of the Legislature was to alert the public for the purpose of public safety, a remedial intent, not to punish convicted sex offenders.

We further explained in *Olivieri* that the requirements of the sex offender registration law do not constitute punishment, but instead they are sentencing consequences as a result of the crime, and, thus, did not violate the *ex post facto* clause of the federal or state constitutions.

> [W]e find that the onus placed upon them by this legislation does not constitute a separate punishment for their offenses. Rather, it is clear that these obligations constitute a condition of their release, respectively, parole and probation, and any costs associated therewith are a necessary part of the regulatory scheme of the legislation in existence at the time of that release. *See Bickman v. Dees*, 367 So.2d 283 (La. 1978). Moreover, we hasten to add that the economically harsh results of this well justified system of public notification is not the result of governmental action, but as a consequence of the sex offenders' crimes.

00-0172, p. 24, 779 So.2d at 749.

---

information about sex offenders, sexually violent predators, and child predators to members of the general public as provided in this Chapter.

We thus agree with the lower court that remedial legislation, intended to protect the public, is properly assessed as the law exists at the time that the probationary or parole conditions are fixed. Although La. Child. Code art. 857(C)(2) mandates prosecution as an adult, it limits the "confinement" that may be imposed on the offender to the maximum amount he could have been ordered to serve had he been adjudicated for the offense as a child at the time the offense was committed. *See also* La. Code Crim. Proc. art. 876 (B). Accordingly, as the lower court acknowledged, if the offender is prosecuted as an adult for a crime committed as a child, the law does take into account his youthful age when he committed the offense and affords him some protections in the form of a maximum amount of confinement. But as we have explained, the sex offender registration and notification requirement is not intended to be punitive; instead, it is remedial legislation intended to protect public safety, and as such "is a corollary of rather than an addendum to the punishment of sex offenders." *Olivieri*, 00-0172, p. 22, 779 So.2d at 748. Moreover, it is well-settled that the registration and notification law in effect at the time of either release, *see Olivieri*, *supra*, or sentencing, *see State v. Patin*, 02-1126 (La. 4/9/03), 842 So.2d 322, may apply to the convicted sex offender without violating the *ex post facto* clauses of the federal and state constitutions. In *State v. Patin*, we explained that, "[g]iven the remedial purpose of Louisiana's sex offender registration and notice law in La. Rev. Stat. 15:540-49, the law in effect at the time of sentencing, which eliminated any possibility of waiver for a sex offender, may apply to respondent without violating the *ex post facto* clause of the federal and state constitutions, although it is more exacting than the law in effect when respondent committed his crime." 02-1126, p. 5, 842 So.2d at 325.

**CONCLUSION**

11

In the instant case, the defendants were properly prosecuted pursuant to La. Child. Code art. 857(C)(2) and La. Code Crim. Proc. art. 876 as adults in a district court exercising criminal jurisdiction for crimes they committed as juveniles. They entered pleas of guilty as adults to indecent behavior with juveniles, a sex offense for which registration as a sex offender is required. *See* La. Rev. Stat. 15:541(24)(a). For the reasons set forth above, we conclude under the plain language of the sex offender and notification statute, La. Rev. Stat. 15:542(A), the defendants meet the requirement of "[a]ny adult residing in this state who has pled guilty to … a sex offense as defined in R.S. 15:541…" and, therefore, must register as sex offenders pursuant to La. Rev. Stat. 15:542(A)(1). Accordingly, the rulings of the lower courts are affirmed.

**AFFIRMED**

# SUPREME COURT OF LOUISIANA

## NO. 13-CK-1023

## STATE OF LOUISIANA

### Versus

## I.C.S.

## CONSOLIDATED WITH

## STATE OF LOUISIANA

## VERSUS

## C.M.S.

*On Supervisory Writs to the Twenty-sixth Judicial District Court
for the Parish of Bossier*

**WEIMER, J.**, dissenting.

The fundamental question posed is whether one should face adult consequences for offenses committed as a juvenile. An analysis of all relevant statutory provisions, as opposed to singling out one provision, demonstrates the legislature's intent not to impose adult consequences for certain acts when committed as a juvenile. For the reasons discussed below, I respectfully dissent from the majority opinion.

The legislature's intent was aptly identified by Judge Caraway, who dissented from the court of appeal's ruling that a person who, as a juvenile, committed indecent acts with another juvenile and, as an adult, pled guilty to that offense, must register as a sex offender. Judge Caraway observed that the legislature has defined the class of offenders who must register in La. R.S. 15:542 and has specifically addressed

offenders whose offenses were committed as juveniles. Under La. R.S. 15:542(A)(2), persons culpable for "a sex offense … as provided for in Children's Code Article 305 or 857" must register.[1] Judge Caraway further noted, "[t]he only sex offenses listed in the Children's Code in the cited Articles 305 or 857 are aggravated rape and forcible rape." Here, neither defendant was convicted of aggravated or forcible rape; the defendants were convicted of indecent behavior with a juvenile. "Rounding out the class of offenders who must register," as Judge Caraway continued his analysis, "the other provisions of La. R.S. 15:542(A) apply to adults and to other juveniles who commit a crime after attaining the age of fourteen.[2] Here again, neither defendant fits this category; at the time of offense, one defendant was thirteen years old, and the other defendant was twelve years old.

The legislature defined the categories of persons who must register by looking to the time the offense was committed, as Judge Caraway explained. By scribing a detailed listing of juvenile offenses within La. R.S. 15:542(A)(2) and (3), while omitting the particular offense committed by the instant defendants, the "Legislature never intended that a juvenile who commits the crime of indecent behavior with a juvenile have imposed upon him the sex registration requirements extending for 15 years into his adult life."[3]

To Judge Caraway's well-reasoned explanation, I would initially add that, because La. R.S. 15:542(A)(2) and (3) specifically address offenses committed while the offender was a juvenile, those provisions trump the more general provision of La. R.S. 15:542(A)(1) (requiring convicted adults to register). See **Medine v. Roniger**,

---

[1] **State v. I.C.S.**, 47,829, p. 1 (La.App. 2 Cir. 2/27/13), 110 So.3d 1208, 1215 (Caraway, J., dissenting), *quoting* La. R.S. 15:542(A)(2).

[2] *Id.* 47,829 at 1-2, 110 So.3d at 1215 (Caraway, J., dissenting).

[3] See *Id.* 47,829 at 1-2, 110 So.3d at 1215-16 (Caraway, J., dissenting).

2

03-3436, p. 11 (La. 7/2/04), 879 So.2d 706, 714 (ruling that "where two statutory provisions are in conflict, the statute that is more specific must prevail as an exception to the general statute.").[4]  Additionally, because the legislature has specifically listed within La. R.S. 15:542(A)(2) and (3) certain offenses requiring registration when committed while a juvenile and has omitted indecent behavior with a juvenile when committed as a juvenile from that list, "the time honored maxim, *expressio unius et exclusio alterius*" applies.  See **Sensebe v. Canal Indem. Co.**, 10-0703, p. 16 (La. 1/28/11), 58 So.3d 441, 451.  That maxim "teaches us that when the legislature specifically enumerates a series of things, the legislature's omission of other items, which could have been easily included in the statute, is deemed intentional."  *Id.*, quoting **Theriot v. Midland Risk Ins. Co.**, 95-2895, p. 4 (La. 5/20/97), 694 So.2d 184, 187.

However, it is the general statutory provision, La. R.S. 15:542(A)(1), on which the majority here relies, contravening these and other principles of statutory interpretation: "the paramount consideration in statutory interpretation is ascertainment of the legislative intent and the reason or reasons which prompted the legislature to enact the law,"[5] and that "the legislature is … presumed to have enacted a statute in light of preceding statutes involving the same subject matter and decisions

---

[4]  If viewed in isolation, La. R.S. 15:542(A)(1) would impose a registration requirement because each defendant, having reached the age of majority at the time of pleading guilty, is arguably now "[a]ny adult residing in this state who has pled guilty to … (a) A sex offense as defined in R.S. 15:541."  On the other hand, La. R.S. 15:542(A)(3) exempts from the registration requirement, among others, juveniles whose offenses were committed before "attain[ing] the age of fourteen," and La. R.S. 15:542(A)(2) essentially exempts from registration a juvenile who does not commit an enumerated offense (indecent acts with a juvenile is not enumerated).  Because the registration requirement is primarily described in terms of the offense, the offenses themselves must be considered and the more specific categories, comprehensively addressing juvenile offenses, La. R.S. 15:542(A)(2) and (3), must apply.

[5]  **State v. Dick**, 06-2223 (La. 1/26/07), 951 So.2d 124, 130

3

construing such statutes."[6] (Internal quotation marks and citation omitted.) The sex offender registry was enacted against a historic backdrop by which the judicial consequences of actions committed as a juvenile are screened from being carried forward into adulthood, absent a contrary expression of legislative intent. This principle is recognized in the Louisiana Constitution, as well as in a plethora of laws.[7] The majority's ruling now undermines the traditional separation of juvenile offenses from adult offenses and sidesteps the authorities supporting this separation.

For example, La. Const. art. V, § 19 establishes the general rule that "[t]he determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be pursuant to special juvenile proceedings." This general rule allows, however, for the legislature to enact by supermajority of each house that "special juvenile procedures shall not apply to juveniles" for crimes such as "first or second degree murder." In other words–and as a general rule–unless the legislature decides otherwise, certain juvenile offenses do not continue to burden one far into adulthood. For those offenses listed in La. Const. art. V, § 19, the legislature can provide that juveniles be subjected to adult consequences, and has passed such legislation.[8] Although the list of offenses includes aggravated and forcible rape, it does not include indecent

---

[6] **State v. Wilkins**, 13-2539, p. 2 (La. 1/15/14), 131 So.3d 839, 840

[7] "'[O]ur history is replete with laws and judicial recognition' that children cannot be viewed simply as miniature adults." **Eddings v. Oklahoma**, 455 U.S. 104, 115-16 (1982). In **Miller v. Alabama**, ___U.S.___, ___132 S.Ct. 2455, 2471 (2012), the Court further found, as a justification for relieving adults from the harshest sentencing consequences when their offenses were committed as juveniles, "that 'developments in psychology and brain science continue to show fundamental differences between juvenile and adult minds,'" (**Miller**,132 S.Ct. at 2464-65, *quoting* **Graham v. Florada**, 560 U.S.48, 68 (2010)), and these differences "both lessened a child's 'moral culpability' and enhanced the prospect that, as the years go by and neurological development occurs, his "'deficiencies will be reformed."'" **Miller**, 132 S.Ct. at 2464-65, *quoting* **Graham v. Florida**, 560 U.S. 48, 68 (2010), *quoting* **Roper v. Simmons**, 543 U.S. 551, 570 (2005).

[8] See generally La. Ch.C. art. 305 (entitled "Divestiture of juvenile court jurisdiction; original criminal court jurisdiction over children; when acquired").

behavior with a juvenile. Thus, for indecent behavior with a juvenile, when committed as a juvenile, the wall of separation between juvenile and adult consequences remains.

One consequence of this wall of separation between juvenile and adult offenses is that, with certain exceptions, a juvenile court adjudication for committing the indecent acts with a juvenile, when committed as a juvenile, is a non-public record required to be kept confidential. See La. Ch.C. art. 412(A) and (G). In contrast, the very reason the sex offender registration exists is to make public the fact that an offender has committed certain acts. See La. R.S. 15:540 (reciting the legislature's findings, including that the "[r]elease of information about sex offenders, sexually violent predators, and child predators to public agencies, and under limited circumstances to the general public, will further … public safety … so long as the information released is rationally related to the furtherance of those goals."). Given the wall of separation that existed long before the enactment of the sex offender registry laws in 1992,[9] and because the legislature is presumed to be aware of, and to act in harmony with, existing law,[10] I find the legislature's omission from La. R.S. 15:542(A) of indecent behavior with a juvenile when the offender is a juvenile reflects a legislative intent not to require registration for such an offense.

It is tempting to conclude that the state here might have entirely avoided the wall of separation between juvenile and adult consequences by prosecuting more serious charges, rather than pleading out both matters as indecent behavior with a juvenile. However, these are juvenile offenders, not adult offenders, who, because

_____

[9] Louisiana's sex offender registration requirement was established by 1992 La. Acts 388, § 1, effective June 18, 1992.

[10] See **Wilkins**, 13-2539 at 2, 131 So.d at 840.

5

of the fact of delayed disclosure of their offenses, pled as adults.[11] The offenders admitted their guilt for offenses committed as juveniles under the age of fourteen; there is no evidence whatsoever of any offenses beyond their youth. Even so, the majority has read the adult registration requirement in isolation and without regard to the more specific registration requirements related to juvenile offenders and has erroneously imposed adult sentencing consequences for offenses committed as juveniles where the legislature has not chosen to do so.

Aside from reading the adult registration requirement in isolation, the majority avoids the result compelled by other longstanding principles of statutory interpretation. While noting La. C.C. art. 9 mandates that a law cannot be applied in a manner leading to absurd consequences, the majority has apparently overlooked the incongruous effects of its ruling.

For instance, random or arbitrary factors could change the result. A delay in reporting an indecent act, or a delay in prosecuting an indecent act, could spell the difference between the imposition or nonimposition of a reporting requirement. As long as the offender's eighteenth birthday has been passed,[12] under the majority's ruling, a person, who as a juvenile has committed an indecent act with a juvenile and has been convicted by an adult court, must register. See La. R.S. 15:542(A)(1). Oddly, and further revealing the arbitrary effects of the majority's ruling, if adjudicated a delinquent by a juvenile court, the same adult is not required to

_____

[11] Unfortunately, because of the trauma of being victimized as a minor, it has long been recognized that a delay in reporting sexual abuse of a minor is not uncommon among such victims. See David McCord, Expert Psychological Testimony About Child Complainants in Sexual Abuse Prosecutions: A Foray Into the Admissibility of Novel Psychological Evidence, 77 J. Crim. L. & Criminology 1, 60-61 (1986).

[12] See La. Ch.C. art. 116(3) ("'Child' means a person who has not attained the age of eighteen years, except as it is specially defined by a Title of this Code.").

register,[13] unless "adjudication has been deferred or withheld." *Id.* Therefore, under the majority's ruling, depending on such vagaries as whether a juvenile has been afforded the opportunity of probation pursuant to La. Ch.C. art. 896 (describing post-adjudication probation pursuant to a deferred dispositional agreement), if proceedings are initiated when an offender is sixteen years old, but final adjudication does not occur until after the offender's eighteenth birthday, the offender could be required to register.

Although the sex offender registry exists to protect the public,[14] the legislature, via La. R.S. 15:542(A)(2) and (3), has indicated that a juvenile who commits an indecent act with another juvenile need not register when adjudicated a delinquent as a juvenile. Nevertheless, the majority essentially rules that when the offender is even further removed in time from the offense, because the offender has now attained adulthood, the public somehow now needs greater protection. Therefore, another incongruous result of the present ruling becomes apparent when considering that the legislature long ago determined the public needed no registration protection whatsoever from a juvenile who commits indecent acts with another juvenile, but this court rules decades later that the public needs, in some instances, the protections afforded by sex offender registration.

Stated differently, if protection were indeed required when a juvenile commits the indecent acts with another juvenile, then logic demands protection would be required near in time to the offense. The legislature has not determined the need for such protection, because if the offense is adjudicated before the offender's eighteenth

---

[13] Unless tried as an adult, juveniles are not convicted, but are adjudicated delinquent. See La. Ch.C. art. 884(A) ("Following the adjudication hearing, the court shall immediately declare whether the evidence warrants an adjudication that the child is delinquent.").

[14] See La. R.S. 15:540.

7

birthday, registration is plainly not required. See La. R.S. 15:542(A)(2) and (3). The majority's present ruling, when viewed through the lens of what constitutes legitimate protection, is backwards. Furthermore, because an offender is exempt from registration nearer in time to the indecent acts, *i.e.*, during the offender's juvenile years, the majority's requirement for the public to be alerted to the indecent acts decades later[15] is a result contrary to La. C.C. art. 9 (requiring laws to be interpreted in a manner that avoids absurd results).

The majority claims to have considered the consequences of its ruling by considering "laws on the same subject matter" and interpreting such laws "in reference to each other" as required by La. R.S. 1:3, and La. C.C. arts. 12 and 13. However, the majority overlooks the import of a provision within the very same statute it presently applies, La. R.S. 15:542.

Specifically, a provision addressing carnal knowledge of a juvenile is found in La. R.S. 15:542(F)(2), which empowers "the court of conviction" to "waive sex offender registration and notification requirements" for a conviction of "felony carnal knowledge of a juvenile (R.S. 14:80)," under certain circumstances and if certain formalities are met. However, the majority's ruling makes registration mandatory for the instant offense of indecent behavior with a juvenile, when committed as a juvenile. See La. R.S. 15:542(F)(1) (describing non-waivable registration as the general rule).[16] Given that the penalty for carnal knowledge includes up to ten years

_____

[15] According to the indictment, the indecent acts were committed in 2004, *i.e.*, approximately a decade ago. The district court's order requires registration for another decade and a half.

[16] Under La. R.S. 15:542(F)(1), except for the offense of carnal knowledge of a juvenile (see La. R.S. 15:542(F)(2) and (3)), when registration requirements are triggered, those requirements "are mandatory and shall not be waived or suspended by any court."

8

hard labor (La. R.S. 14:80(D)(1)),[17] the legislature has deemed carnal knowledge of a juvenile to be a more serious offense, than indecent behavior with a juvenile which has a lesser penalty, *i.e.*, "with or without hard labor for not more than seven years." See La. R.S. 14:81(H)(1).

Thus, through its imposition of a non-waivable registration mandate, the majority has effectively imposed more severe consequences for an offense that the legislature has deemed less serious. Logic dictates the legislature would not more severely sanction the less serious offense. The majority has overlooked that for felony carnal knowledge of a juvenile, the legislature has made available a waiver procedure, which is unavailable under the majority's ruling to a juvenile who commits the lesser offense of indecent acts with a juvenile who must register as a sex offender. A review of the registration requirement contained in La. R.S. 15:542 in light of laws on the same topic reveals sentencing consequences contained within the very same statute have been overlooked.

I emphasize that just as I have previously joined in opinions holding that Louisiana's sex offender registry is remedial, I am in no way retreating from that position.[18] The sex offender registry was designed for the laudable purpose of protecting the public. See La. R.S. 15:540. The problem with the instant case is that, notwithstanding the design of the registry, persons who were never statutorily-required to register at the time of their juvenile offense are now being required to register because they pled guilty after their eighteenth birthday.

---

[17] Another penalty, which applies to offenders seventeen or more years of age, includes mandatory "hard labor for not less than two nor more than twenty-five years." La. R.S. 14:81(H)(2). Again, in this instance, the legislature recognized what the majority of this court has not–that offenders who commit sex crimes when juveniles should generally suffer lesser consequences.

[18] See, e.g., **Smith v. State**, 20-1140, pp. 15-16 (La. 1/24/12), 84 So.3d 487, 497-98 (*citing with approval* **State ex rel. Olivieri**, 00-0172 (La.2/21/01), 779 So.2d 735); **State v. Trosclair**, 11-2302, p. 16 (La. 5/8/12), 89 So.3d 340, 350-351 (*citing with approval* **State ex rel. Olivieri**).

Admittedly, these facts are unique from those previously analyzed by this court. However, because the legislature deemed the offense of indecent acts with a juvenile, when committed as a juvenile did not merit remediation in the form of registering as a sex offender, the majority ruling of this court ignores the lines of separation the legislature has drawn between offenses committed as a juvenile and as an adult. Such a result is, therefore, in violation of the legislature's stated purposes. Accordingly, I respectfully dissent.

**SUPREME COURT OF LOUISIANA**

**No. 2013-CK-1023**

**STATE OF LOUISIANA**

**versus**

**I.C.S.**

**C/W**

**STATE OF LOUISIANA**

**versus**

**C.M.S.**

**ON WRIT OF REVIEW TO THE COURT OF APPEAL,
SECOND CIRCUIT,
PARISH OF BOSSIER**

**HUGHES, J., dissenting.**

I respectfully dissent for the reasons assigned by Justice Weimer. The law applicable should be determined by the time of the crime, not the time of the plea.